PRICE, Judge.
This is an appeal from the judgment rejecting the request of T. M. Thompson to grant him the custody of his four minor children whose custody was awarded to his former wife in a prior decree.
Thompson contends the custody should be changed because the defendant has failed to properly care for the children, to furnish them moral guidance, and to provide a suitable home environment.
T. M. and Mary Thompson were divorced in September, 1973, by an Arkansas decree. The four children of the marriage, Thomas Andrew (17), Gregory Monroe (10), Michael Layne (7), and William Thompson (5), remained in the custody and care of Mary Thompson who established her residence in Monroe. A judgment awarding her the permanent custody of the children .along with $700 per month for their support was rendered in Winn Parish in April, 1975. During their marriage, the parties resided in Winnfield where Thompson owns a pharmacy. He continues to reside there with his present wife in a mobile home located at the rear of his business establishment.
After trial, the district court concluded Thompson had not borne the burden of proving that the continuation of the custody of the children with their mother would be so deleterious to justify removing them from the environment to which they have become accustomed. The court also found Thompson had not shown he could provide a better home should he be awarded their custody.
The conclusions reached by the trial judge are in accord with the law and the evidence and are affirmed.
Thompson sought to prove his wife was neglecting the physical needs of the children, and was not providing a proper moral atmosphere by offering the results of a six months’ surveillance of his former wife’s activities begun shortly after she obtained the judgment in Winn Parish ordering him to pay support in the sum of $700 per month.
This evidence shows Mary Thompson has a continuing relationship with a single man whom she plans to marry. She frequently visits his apartment, and occasionally stays rather late.
However, the appellee testified she always prepares the children’s night meal and completes the necessary household work after returning home from her daily employment at an accounting office.
She contends the three younger children are cared for by either her seventeen-year-old son or a baby-sitter. Her boyfriend visits in her home at least two nights each week while the children are present. There is no evidence of any immorality on these visits.
The thrust of Thompson’s argument is that Mrs. Thompson spends so much of her off-duty time at her boyfriend’s apartment that she has placed her own desires before the needs of the children.
Thompson filed a complaint with the Ouachita Parish Division of Family Services which caused a preliminary investigation of Mrs. Thompson’s care of the children. The social worker who made the investigation testified that she found the care being furnished the children by their mother to be entirely satisfactory, and that the children appeared to be well disciplined and in good physical health.
Two of the Thompson children testified on trial of the rule. Ten-year-old Grég testified he would prefer to live. with his father in Winnfield because he was entertained more on his visits with his father. He denied that his mother left him or his younger brothers at home alone. He also testified his mother kept the home clean and properly fed and clothed the family.
The seventeen-year-old son, Andy, corroborated his mother’s testimony that he *1188 watched over the younger children in her absence except on the occasions a baby-sitter was engaged.
At most, the evidence offered by Thompson has established that Mrs. Thompson is away from the children several nights a week while engaged in social activities for her own pleasure. The evidence is not sufficient to show these activities have caused a serious neglect in the care of the children, or that she is morally unfit to have their custody. The trial judge properly rejected the demand to remove the children from her custody.
The judgment is affirmed at appellant’s costs.